```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

WENDY T. JACKSON                              CIVIL ACTION

VERSUS                                        NO: 13-5795

BANK OF AMERICA, N.A.                         SECTION: R

## ORDER AND REASONS

Defendant moves for judgment on the pleadings on several grounds.[1] The Court GRANTS defendant's motion for three independent reasons: (1) plaintiff's claims are barred by the doctrine of res judicata; (2) plaintiff has not stated a claim upon which relief can be granted; and (3) plaintiff has not pled her fraud claim with particularity.

## I.   BACKGROUND

On November 12, 2002, plaintiff borrowed $82,200 from Countrywide Home Loans, Inc.[2] Plaintiff agreed to repay the loan via a promissory note that was secured by a mortgage on her home in Slidell, Louisiana.[3] Defendant Bank of America later became the noteholder after merging with Countrywide. On May 17, 2011, BOA filed a petition for executory process in Louisiana state

---

[1]   R. Doc. 11.

[2]   R. Doc. 9-3.

[3]   R. Docs. 9-5, 9-6.

court, alleging that plaintiff had been in default on her loan since December 1, 2010.[4] According to BOA, the court authorized the issuance of a writ of seizure and sale on May 19, 2011.[5]

On August 13, 2013, plaintiff filed a petition for damages against BOA in Louisiana state court.[6] The substance of plaintiff's claim is not entirely clear from her petition. It appears that, liberally construed, plaintiff's pleadings allege that defendant defrauded her by loaning her money that it did not have.[7] Because the loan was a sham transaction, plaintiff contends, she does not have to repay the money, and BOA should not have foreclosed on her property.[8] Plaintiff also vaguely alleges that BOA defrauded her by not providing her with "'full disclosure' of all the various aspects of the entire transaction."[9]

BOA removed this matter to federal court on September 11, 2013,[10] and filed this motion for judgment on the pleadings on

---

[4]    R. Doc. 9-8.

[5]    R. Doc. 11-1 at 2.

[6]    R. Doc. 11-2.

[7]    *See, e.g.*, R. Doc. 11-2 at 8 ("Banks lend money they don't have. Therefore there is no contract. No loan was ever made." (emphasis deleted)).

[8]    *See, e.g., id.* at 11, 16, 24.

[9]    *Id.* at 21; *see also id.* at 25.

[10]   R. Doc. 1.

October 25.[11] Plaintiff has not filed a response.

**II. LEGAL STANDARD**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). It is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need

---

[11] R. Doc. 11.

not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

Courts construe pleadings and briefs submitted by *pro se* litigants liberally and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar,* 59 F.3d 523, 524 & n.3 (5th Cir. 1995) (per curiam). But a court will not "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred,* 353 F. App'x 949, 951-52 (5th Cir. 2009).

**III. DISCUSSION**

**A.    Res Judicata**

The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the preclusion law of the state in which the judgment was rendered. *Marrese v. Am.*

4

*Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see also* 28 U.S.C. § 1738. Under Louisiana law,

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

La. Rev. Stat. § 13:4231.

Under Louisiana law, an order of seizure and sale is a final judgment for res judicata purposes. *Countrywide Home Loans Servicing, LP v. Thomas*, 113 So.3d 355, 358 (La. Ct. App. 2013). To dismiss an action on res judicata grounds in this context,

> a court must find: (1) the judgment in the executory process lawsuit is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and (5) the cause or causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit.

*Id.* at 359; *accord Avery v. CitiMortgage, Inc.*, 15 So.3d 240, 243 (La. Ct. App. 2009).

The Court finds that each of the required elements is present here. *Cf. Thomas*, 113 So.3d at 359-60. First, it is not disputed that the order of seizure and sale is valid. Second, the order is final. Under Louisiana law, a debtor seeking to object to an executory process proceeding may proceed in only two ways: (1) filing an injunction to arrest the seizure and sale, or (2)

5

filing a suspensive appeal from the order of seizure and sale. La. Code Civ. P. art. 2642; *see also Antoine v. Chrysler Fin. Corp.*, 782 So.2d 651, 652 (La. Ct. App. 2001). Plaintiff has failed to avail herself of either of these two avenues of defense; accordingly, she has waived any defenses or procedural objections to the executory process proceeding. *Alphonse v. Arch Bay Holdings, LLC*, No. 12-330, 2013 WL 55911, at *4 (E.D. La. Jan. 3, 2013); *Antoine*, 782 So.2d at 652-53; *Citizens Bank & Trust Co. v. Little Ford, Inc.*, 522 So.2d 1124, 1133-34 (La. Ct. App. 1988) (collecting cases). Thus, the state court's judgment is now final.

Third, the parties to both proceedings -- Jackson and BOA -- are the same. Fourth, plaintiff's claim that her debt to BOA is legally unenforceable because BOA committed fraud in the mortgage transaction was available when BOA filed the petition for executory process. *See* La. Code Civ. P. art. 2571 (providing that the defendant in an executory proceeding may arrest the seizure and sale of property by injunction if the underlying debt is "legally unenforceable"); *Avery*, 15 So.3d at 243. Finally, plaintiff's cause of action in this case arises out of the same occurrence as did the executory process proceeding: Jackson's default on her loan from BOA. *Cf. Thomas*, 113 So.3d at 360.

In short, the state court's order of seizure and sale, signed over two years before this lawsuit was filed, is now final

6

and nonappealable. The doctrine of res judicata thus precludes plaintiff from bringing a claim for damages as a result of the seizure in this Court. *See Antoine*, 782 So.2d at 653.

**B.   Failure to State a Claim**

Even if plaintiff's suit were not barred on res judicata grounds, the Court would still dismiss it, because plaintiff has failed to state a claim upon which relief can be granted. As BOA points out, her petition appears to rest on the theory that a bank that issues a mortgage loan has "created" money through its bookkeeping procedures and has not actually transferred anything of value to the recipient. This theory, which BOA terms the "vapor money" theory, "has been tried and consistently rejected in federal courts across the country." *Richardson v. Deutsche Bank Trust Co. Ams.*, No. 3:08-CV-01857, 2008 WL 5225824, at *7 (M.D. Pa. Dec. 12, 2008) (collecting cases). This Court agrees with the other courts to have addressed the issue and finds that the "vapor money" theory is meritless and cannot form the basis of a valid claim.

**C.   Failure to Plead Fraud With Particularity**

Finally, even if plaintiff's allegations did not rest on an unsupportable theoretical foundation, the Court would still grant defendant's motion, because plaintiff has failed to plead her fraud claim with particularity. Under Federal Rule of Civil

Procedure 9(b), a plaintiff who alleges fraud "must state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusional allegations." *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 (5th Cir. 2008). In general, such a statement should include the "time, place, and contents of the false representation[], as well as the identity of the person making the misrepresentation and what that person obtained thereby." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (alteration in original). Plaintiff's petition contains no such details; rather, it simply alleges in vague and conclusory terms that defendant orchestrated a fraudulent transaction and wrongfully foreclosed on plaintiff's home. Her complaint is thus fatally deficient under Rule 9(b).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for judgment on the pleadings.

New Orleans, Louisiana, this 26th day of November, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE